IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GLEN R. WILLIAMS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:09-CV-1622-BH |
| § | |
| **THE BANK OF NEW YORK MELLON,** § | |
| f/k/a The Bank of New York, as Trustee § | |
| for the Holders of the GE-WMC Asset Backed § | |
| Pass-Through Certificates, Series 2005-1, § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's Order of Reassignment, filed January 21, 2010, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c).  Before the Court is *Defendant's Motion to Abate for Failure to Join Indispensable Party*, filed May 23, 2010, (doc. 23).  Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED**.

### I.  BACKGROUND

This suit arises out of a foreclosure of real property jointly owned by Plaintiff Glen R. Williams and his wife Deborah Williams.  On July 20, 2005, Plaintiff obtained a loan from WMC Mortgage Corporation ("WMC") evidenced by an adjustable rate note.  (Mot. App., Ex. 1-A.)  To secure the note, Plaintiff and his wife executed a deed of trust identifying WMC as the lender, and Plaintiff and his wife as the borrowers.  (Mot. App., Ex. 1-B, p. 1-2.)  The deed of trust named Mortgage Electronic Registration Systems Inc. ("MERS") the beneficiary of the security instrument solely as nominee for the lender and the lender's successors and assigns.  (*Id.* at 2.)  On December

12, 2008, the Bank of New York Melon[1] (the "Bank"), as trustee for the holders of the GE-WMC asset-backed pass-through certificates, series 2005-1, executed a document assigning the note and deed of trust to MERS as nominee for the lender and the lender's successors and assigns. (Mot. App., Ex. 1-C.) The document listed the Bank as the assignor, Litton Loan Servicing LP ("Litton") as the Bank's attorney in fact, MERS as the assignee, and the effective date of assignment as October 28, 2008. (*Id.*) On January 6, 2009, the Bank purchased the property at issue at a foreclosure sale. (Mot. App., Ex. 1-D.) The substitute trustee's deed transferring the property identified MERS as the original and "current" mortgagee and Litton as the mortgage servicer. (*Id.*)

On April 23, 2009, Plaintiff filed this lawsuit against the Bank, claiming breach of contract, violation of the Texas Debt Collection Act, violation of the Texas Deceptive Trade Practices Act, and wrongful foreclosure. (*See* doc. 1.) On May 23, 2010, the Bank moved to abate the proceedings until Plaintiff joined his wife as a necessary and indispensable party under Fed. R. Civ. P. 19. (Mot. Br. at 1-4.) Plaintiff filed a response on June 14, 2010, requesting the Court to grant a limited abatement of seven days to amend his pleadings and include his wife as a plaintiff.[2] (Resp. Br. at 1-2.) The issues presented by the filings are now ripe for determination.

## II. ANALYSIS

The Bank moves for an abatement to allow Plaintiff to join his wife Deborah Williams as a necessary and indispensable party under Rule 19. (Mot. Br. at 3-4.)

Rule 19 requires a person who is subject to process and whose joinder will not destroy the

---

[1] The Bank was known as the Bank of New York at the time.

[2] Plaintiff also requests to add Litton and/or MERS as defendants. (*Id.*) To the extent that Plaintiff seeks leave to amend his complaint to join MERS and Litton as defendants, he must file a motion that complies with Local Rule 7.1 of the Local Civil Rules for the Northern District of Texas, including the requirement of a brief that contains a "party's contentions of fact and/or law, and arguments and ***authorities***." (emphasis added).

court's subject-matter jurisdiction to be joined as a party in two situations. Fed. R. Civ. P. 19(a). A person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). A person must also be joined if he claims an interest relating to the subject of the action and disposing of the action in his absence may "as a practical matter impair or impede the person's ability to protect that interest; or leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex. rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (internal citation and quotation marks omitted).

If a person cannot be joined without destroying the court's subject-matter jurisdiction, the court must then determine whether he is "indispensable" i.e. whether the litigation can properly be pursued without him. *See id.*; Fed. R. Civ. P. 19(b). Factors a court must consider include (1) the extent to which a judgment would prejudice an absent person or the existing parties; (2) the extent to which the prejudice can be relieved or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) the adequacy of a judgement rendered in the person's absence; and (4) the adequacy of the plaintiff's remedy if the action is dismissed for non-joinder. *Id.*

Here, the Bank argues that Deborah Williams should be joined as a party because she jointly owns the property at issue and consequently has a legally protected interest in the outcome of this litigation. (Mot. Br. at 3.) The banks also argues that disposing this case without her joinder would leave the parties subject to a substantial risk of incurring multiple or otherwise inconsistent

obligations by reason of her claimed interest, specifically inconsistent judgements or two monetary judgments leading to double recovery. (*Id.* at 3-4.) Since the Bank has met its burden to show that Deborah Williams is a necessary party under Rule 19, and Plaintiff does not oppose an abatement to join her as a party,[3] the Bank's motion for a limited abatement is **GRANTED**.

## IV.  CONCLUSION

*Defendant's Motion to Abate for Failure to Join Indispensable Party* is **GRANTED**, and Plaintiff is ordered to file an amended complaint adding his wife Deborah Williams as a party **no later than Tuesday, July 18, 2010**.

**SO ORDERED** on this 12th day of July, 2010.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Notably, there is no argument that her joinder will destroy diversity between the parties, and therefore the Court's subject matter jurisdiction.  Additionally, Plaintiff does not argue that she is not subject to service of process.