IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLEN R. WILLIAMS AND DEBORAH WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:09-CV-1622-BH |
| THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as Trustee for the Holders of the GE-WMC Asset Backed Pass-Through Certificates, Series 2005-1, | § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Reassignment*, filed January 21, 2010, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is *Defendant's Motion for Summary Judgment as to the Claims Asserted by Deborah Williams*, filed September 10, 2010, (doc. 40). Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED**.

### I. BACKGROUND

This suit arises out of a foreclosure of real property jointly owned by Glen R. Williams ("Mr. Williams") and his wife Deborah Williams ("Mrs. Williams"). On July 20, 2005, the couple obtained a loan from WMC Mortgage Corporation ("WMC") evidenced by an adjustable rate note. (Mot. App., Ex. 1-A.) To secure the note, they executed a deed of trust identifying themselves as the borrowers and WMC as the lender. (Mot. App., Ex. 1-B, pp. 1-2.) The deed of trust named Joe E. Shaw as the trustee and conveyed the property to him in trust with power of sale. (*Id.* at 2-3.)

- 1 -

It provided that the rights and duties of the trustee could be performed by one or more trustees acting alone or together, and that the lender could remove or substitute any trustee, add one or more trustees, or appoint a successor trustee with just a designation in writing. (*Id.* at 14, ¶ 24.) The substitute, additional, or successor trustee then became vested with the title, rights, remedies, powers, and duties conferred on the trustee by the deed of trust and applicable law. (*Id.*)

The deed of trust named Mortgage Electronic Registration Systems Inc. ("MERS") beneficiary of the security instrument solely as nominee for the lender and the lender's successors and assigns. (*Id.* at 2.) It provided that MERS only held legal title to the property, but as nominee could exercise other rights under the instrument, including but not limited to, foreclosing and selling the property. (*Id.* at 3.) It also provided that the note and the deed of trust could be sold one or more times without prior notice to the borrower, and that the sale could result in a change in the loan servicer – an entity that collects periodic payments due under the note and performs other mortgage loan servicing obligations. (*Id.* at 14.)

The deed of trust allowed the lender – i.e., any holder of the note entitled to receive payments under the note – to accelerate the loan and require immediate payment in full of the secured loan if the borrower breached a covenant or agreement in the deed of trust. (*Id.* at 13-14, ¶ 22.) However, the lender had to give the borrower notice specifying the default, the action required to cure the default, a date by which the default must be cured, and notice that failure to cure the default would result in acceleration. (*Id.*) If the lender invoked the power of sale, the lender or the trustee had to give notice of the time, place, and terms of sale by posting and filing the notice at least twenty-one days prior to the sale as provided by applicable law. (*Id.* at 14, ¶ 22.) The lender also had to give notice to the borrower in the manner provided by applicable law. (*Id.*) The lender or its designees

could purchase the property at any sale, and the trustee had to convey to the purchaser indefeasible title to the property through a trustee's deed. (*Id.*)

In November 2008, Barrett Daffin Frappier Turner & Engel, LLP ("Barrett"), on behalf of Litton Loan Servicing, L.P. ("Litton"), the mortgage servicer for MERS, sent Mr. and Mrs. Williams a notice of default. (Mot. App., Ex. 1-D, p. 2.) On December 12, 2008, the Bank of New York Melon (the "Bank")[1] executed a document assigning the note and deed of trust to MERS as nominee for lender and lender's successors and assigns. (Mot. App., Ex. 1-C.) The document listed Joe E. Shaw as the trustee, the Bank as the assignor, Litton as the Bank's attorney in fact, MERS as the assignee, and the effective date of assignment as October 28, 2008. (*Id.*) On January 6, 2009, the Bank purchased the property at a foreclosure sale. (Mot. App., Ex. 1-D, p. 1.) The substitute trustee's deed transferring the property identified MERS as the original and "current" mortgagee, L. Patton as the substitute trustee, and Litton as the mortgage servicer. (*Id.*)

On April 23, 2009, Mr. Williams sued the Bank for breach of contract, violation of the Texas Debt Collection Act ("TDCA"), violation of the Texas Deceptive Trade Practices Act ("DTPA"), and wrongful foreclosure. He alleged that the Bank breached the contract by issuing and posting notices of trustee's sale in violation of the deed of trust, by failing to deliver the notices of default and opportunity to cure, and of substitute trustee's sale in the form and manner provided by law, and because they never received notice of the substitute trustee's sale. As for his TDCA claims, Mr. Williams alleged that the Bank failed to give notices complying with Tex. Prop. Code §§ 51.002(b) and (d), and 51.0025(2); collected or attempted to collect interest or a charge, fee or expense neither expressly authorized by the agreement nor legally chargeable to Plaintiffs in

---

[1] The Bank was known as the Bank of New York at the time.

violation of Tex. Fin. Code §392.303(a)(2); and misrepresented the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code § 392.304(a)(8). He asserted that he was also entitled to recover for these violations under the DTPA. Under his wrongful foreclosure claim, Mr. Williams incorporated the allegations underlying the rest of his claims and alleged that the foreclosure was wrongful because the Bank did not comply with applicable Texas statutory provisions, violated the TDCA and DTPA, lacked legal standing to pursue, conduct, or bid in the trustee's sale, and threatened to and did wrongfully foreclose on the property. He also sought damages, injunctive relief, and a declaratory judgment.

On May 23, 2010, the Bank moved for summary judgment on all of Mr. Williams' claims. On July 19, 2010, Mr. Williams joined Mrs. Williams as a plaintiff. On August 23, 2010, the Court granted summary judgment dismissing all of Mr. Williams' claims against the Bank. On September 10, 2010, the Bank moved for summary judgment on all of Mrs. Williams' claims. Mrs. Williams did not file a reply and the motion is now ripe for determination.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings,

discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

In this case, Plaintiff has not responded to the motion for summary judgment. While this failure does not permit the court to enter a "default" summary judgment, it does allow the court to accept the evidence proffered by the movant as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*,

733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Because the movant has pointed to an absence of evidence to support Plaintiff's claims, Plaintiff must also produce evidence that creates a genuine issue of material fact.

### III. ANALYSIS

The Bank moves for summary judgment on all of Mrs. Williams' claims on grounds that it was not the party that conducted the foreclosure sale, was not the mortgagee at the time of the foreclosure sale, and was merely a purchaser at the foreclosure sale. (Mot. Br. at 1.) The Bank asserts that MERS, who was assigned the note and the deed of trust on October 28, 2008, was the party that foreclosed upon the property and the owner at the time of the foreclosure sale. (*Id.* at 2-3.) Based on these assertions, the Bank argues that it did not cause Mrs. Williams' alleged damages. (*Id.* at 3.) The Bank also moves for summary judgment on grounds that Mrs. Williams cannot produce any evidence to support her alleged causes of action. (*Id.* at 4.)

**A.     Breach of Contract Claim**

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l.,Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

Mrs. Williams alleges in her complaint that the Bank breached the contract by issuing and posting notices of trustee's sale in violation of the deed of trust, by failing to deliver the notices of default and opportunity to cure, and of substitute trustee's sale in the form and manner provided by

law, and because she never received notice of the substitute trustee's sale. As discussed earlier, the deed of trust made only the lenders and trustees responsible for providing the appropriate notices. (Mot. App., Ex. 1-B, p. 13-14, ¶ 22.) The Bank provides evidence showing that it assigned the note and the deed of trust to MERS effective October 28, 2008; the notices were sent on behalf of Litton, MERS's mortgage servicer; it bought the property at a foreclosure sale in January 2009; and parties other than itself were listed as trustees in the deed of trust and in the document assigning the deed of trust to MERS. The Bank has met its summary judgment burden by providing evidence showing that it was not the mortgagee or the trustee at the time the notices were sent and at the time of the foreclosure sale, and was merely a purchaser at the foreclosure sale.

The Bank also argues that Mrs. Williams cannot provide any evidence to support her cause of action. Where, as here, the non-movant bears the burden of proof, the movant's burden may be discharged by pointing out to the Court that there is an absence of evidence to support the non-movant's case. *Celotex*, 477 U.S. at 325. To defeat the motion for summary judgment, the non-movant must then direct the Court's attention to facts that support all the essential elements of his claim. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). "[I]f the non-movant fails to present sufficient facts to support an essential element of his claim, summary judgment is appropriate." *Id.* (citing *Celotex*, 477 U.S. at 322-23).

The burden now shifts to Mrs. Williams to identify evidence sufficient for a reasonable jury to conclude that the Bank was a trustee or lender at the time the notices were sent and at the time of the foreclosure sale, and point out evidence supporting each of the elements of her breach of contract cause of action. Since she has not responded to the motion, she has failed to meet her burden and summary judgment is appropriate on her breach of contract claim.

**B.     TDCA and DTPA Claims**

Under the TDCA, a consumer may sue a debt collector attempting to collect a debt for "threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt." *T & S Auto Sales Inc. v. Anderson*, No 03-99-00354, 2000 WL 140395, at *1 n.2 (Tex. App.–Austin Feb. 3, 2000) (citing Tex. Fin. Code. Ann. §§ 392.301-392.404). A violation of the TDCA is also actionable under the DTPA, which allows a civil action for false, misleading, or deceptive acts taken in the conduct of trade or commerce. *Id.* at nn.1 & 2 (citing Tex. Fin. Code Ann. § 392.404 and Tex. Bus. & Com. Code Ann. §§ 17.41-17.63).

Mrs. Williams alleges that the Bank failed to give notices complying with Tex. Prop. Code §§ 51.002(b) and (d), and 51.0025(2); collected or attempted to collect interest, charge, fee, or expense neither expressly authorized by the agreement nor legally chargeable to her in violation of Tex. Fin. Code §392.303(a)(2); and misrepresented the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code § 392.304(a)(8). She asserts that she can also recover for these violations of the TDCA through the DTPA. To meet its summary judgment burden, the Bank provides evidence showing that Barrett, on behalf of MERS, sent the notices at issue. The Bank also argues that Mrs. Williams cannot provide any evidence to support her asserted cause of action.

The burden now shifts to Mrs. Williams to identify evidence creating a genuine issue of material fact as to her TDCA and DTPA causes of action. As noted before, Mrs. Williams has not responded and has failed to identify any evidence to support all the elements of her TDCA and DTPA claims, particularly evidence that the Bank was the mortgagee or trustee during the foreclosure proceeding and was a debt collector attempting to collect a debt. Summary judgment

is appropriate on her TDCA and DTPA claims as well.

**C.     Wrongful Foreclosure**

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex.Jur.3d Deeds of Trusts and Mortgages § 177 (1998)). "The trustee may conspire with a potential buyer to secure for that buyer the lowest bid or the mortgagee may take actions that chill the bidding in an attempt to secure the lowest price for itself." *Id.* at 921-22. Texas law seeks to combat these practices through Tex. Prop. Code Ann. § 51.002 and through the common law action of wrongful foreclosure. *See In re Keener*, 268 B.R. at 922. The statutory provision applies to mortgagees and trustees conducting the sale of real property under a contract lien, and requires compliance with its requirements in the conduct of the sale. Tex. Prop. Code Ann. § 51.002 ; *Kainer v. ABMC Corp.*, 2006 WL 407794, at *3 n.2 (Tex. App.–Houston [1st Dist.] Feb. 3, 2006). The common law action also applies to mortgagees and trustees, *see id* at *5, and requires a debtor to show a defect in the foreclosure sale proceedings which resulted in a grossly inadequate sale price. *See Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975).

Mrs. Williams alleges that the foreclosure was wrongful because the Bank did not comply with applicable Texas statutory provisions, violated the TDCA and DTPA, lacked legal standing to pursue, conduct, or bid in at the trustee's sale, and threatened to and did wrongfully foreclose on the property at issue. The Bank provides evidence showing that it was not the mortgagee or the party who conducted the foreclosure sale, and was merely a purchaser at the foreclosure sale. The Bank also argues that Mrs. Williams cannot provide any evidence to support her wrongful foreclosure action. The Bank has met its summary judgment burden.

Mrs. Williams does not proffer evidence sufficient for a reasonable jury to conclude that the Bank was the mortgagee or trustee during the foreclosure proceedings, or the party conducting the foreclosure sale. She also does not identify specific evidence supporting each of the elements of her wrongful foreclosure claim. Since she has failed to create a genuine issue of material fact as to her wrongful foreclosure claim, summary judgment is appropriate on that claim as well.

### IV. CONCLUSION

Based on the relevant filings, evidence, and applicable law, *Defendant's Motion for Summary Judgment as to the Claims Asserted by Deborah Williams* is **GRANTED** and all of Mrs. Williams' claims against the Bank are dismissed with prejudice.

**SO ORDERED** on this 7th day of October, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE